UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| **JOHNNY JERNIGAN-EL,** | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 3:04cv0715 AS |
| | ) | |
| **JOHN VANNATTA,** | ) | |
| | ) | |
| Respondent | ) | |

*MEMORANDUM OPINION AND ORDER*

On or about November 17, 2004, *pro se* petitioner, Johnny Jernigan-El, an inmate at the Miami Correctional Facility (MCF) in Bunker Hill, Indiana, filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on March 15, 2005, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982).

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition, he was incarcerated in the MCF in this district. He was the subject of a prison disciplinary proceeding in or around December 2, 2003. That proceeding is designated as MCF 03-11-0203. In that proceeding, a three-person Conduct Adjustment Board (CAB) found that this petitioner used a controlled substance. His sanction included an earned credit time deprivation of 120 days which implicates *Wolff v. McDonnell*, 418 U.S. 539 (1974). There has been compliance here with the procedural demands of *Wolff*, and the evidence here is sufficient under *Superintendent, Mass. Corr.*

*Institution at Walpole v. Hill*, 472 U.S. 445 (1985), and under the "some evidence" test applicable in this circuit. *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996). This court does not bottom any decision on the basis of harmless error.

The collateral review that is envisioned by § 2254 focuses on violations of the Constitution, treaties and laws of the United States. *See Haas v. Abrahamson*, 910 F.2d 384 (7th Cir. 1990), and *Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. den.*, 489 U.S. 1088 (1989). The focus is not on violations of state law. *See Estelle v. McGuire*, 502 U.S. 62 (1991). *See also Holman v. Gilmore*, 126 F.3d 876 (7th Cir. 1997).

There is a particular argument here with regard to the chain of custody of the urine sample in question. Understand the basic lenient "some evidence" test reflected particularly in *Webb*, as indicated, the evidence is sufficient and so is the chain of custody. Lay advocates in this proceeding are not subject to the standards enunciated for effective counsel under the Sixth Amendment in *Strickland v. Washington*, 466 U.S. 668 (1984). In fact, it is not entirely established that it was mandatory here. Generally the standards involved whether or not the inmate is illiterate, and this inmate is not shown to be such. Also considered is the complexity of the case, and certainly this is not a complex case. *See* the analysis in *Miller v. Duckworth*, 963 F.2d 1002 (7th Cir. 1992).

Apparently, the final argument here has to do with some species of a violation of the equal protection clause of the Fourteenth Amendment of the Constitution of the United

2

States.  *See Loving v. Virginia*, 388 U.S. 1 (1967).  More importantly, that issue does not appear to have been raised as required in *Markham v. Clark*, 978 F.2d 993 (7th Cir. 1992). *See also Eads v. Hanks*, 280 F.3d 728 (7th Cir. 2002).  As far as this court can determine, *Markham* remains alive and well as a binding precedent in this district.

Some time ago, this court dealt with some basic essentials of equal protection in *Hack v. Oxford Health Care, Inc.*, 562 F.Supp. 295 (N.D. Ind. 1983).  It is elementary that an equal protection claim under the Fourteenth Amendment must be based on some species of intentional discrimination against one because of membership in a protected class and not merely because a person was treated unfairly as an individual.  *See Gray v. Lacke*, 885 F.2d 399 (7th Cir. 1989).  *See also Smith v. Town of Eaton*, 910 F.2d 1469 (7th Cir. 1990).  For both of these reasons, the effort to make an equal protection claim here by this pro se petitioner fails.

The petitioner has presented no basis here for relief under 28 U.S.C. §2254.  Such relief is now **DENIED.  IT IS SO ORDERED**.

**DATED:**  April 20, 2005

                                         s/ ALLEN SHARP
                                         **ALLEN SHARP, JUDGE**
                                         **UNITED STATES DISTRICT COURT**